# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>**DAVID WILLIAM KARST**,<br><br>Debtor.<br><br>---<br><br>**THE OFFICIAL UNSECURED CREDITORS' COMMITTEE**, and<br><br>**PELICAN FINANCIAL SERVICES, INC.**,<br><br>Plaintiffs,<br><br>vs.<br><br>**DAVID KARST**<br><br>Defendant. | Case No. 08-11686-ABC<br><br>Chapter 7<br><br><br><br>Adversary Proceeding No._____ |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND SEEKING DENIAL OF DISCHARGE

The Official Unsecured Creditors' Committee (the "Committee") and Pelican Financial Services, Inc. as successor to Blue Bear Funding LLC ("Pelican" and collectively with the Committee, the "Plaintiffs"), by and through their attorneys, Holland & Hart LLP, complains of the Debtor, David Karst ("Karst" or the "Debtor") that the debt Karst owes the Plaintiffs is and should be adjudged non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) and 727(a)(10). For their complaint, the Plaintiffs state as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this matter is proper in this Court pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

2. This is a core proceeding under the provisions of 28 U.S.C. 157(b)(2)(I) and (J).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

## PARTIES

4. The Committee was appointed and established on October 17, 2005 by the U.S. Trustee pursuant to 11 U.S.C. § 1102(a) in the Chapter 11 bankruptcy case In re: Blue Bear Funding, LLC, Bankruptcy Case No. 05-31300 ABC (the "Bankruptcy Case").  The Committee is the assignee of most of the claims of individual creditors in the Bankruptcy Case..

5. Pelican is the successor to reorganized Blue Bear Funding, LLC ("Blue Bear").

6. Karst is an individual currently residing at 1312 Mary Circle, Fort Collins, Colorado, 80524.

## GENERAL ALLEGATIONS

7. On December 8, 2006, the Plaintiffs filed a complaint (the "Blue Bear Complaint") in Adversary Proceeding No. 06-01765 in this Court asserting various claims against Karst, DK Corporation d/b/a Nationwide Cash Flow Specialists, a Colorado limited liability company ("NCFS"), and KFG, LLC, a Colorado limited liability company("KFG" and collectively with Karst and NCFS, the "Karst Defendants") (the "Litigation").

8. On June 7, 2007, a final judgment was entered in Adv. Pro. No. 06-01765 in favor of the Plaintiffs and against Karst and DK Corporation in the amount of $2,443,921.27 with respect to the Plaintiffs' Fifteenth Claim for Relief set forth in the complaint (the "First Judgment").

9. Thereafter, the Plaintiffs and the Karst Defendants, together with their respective counsel, participated in a mediation before the Honorable William Neighbors of the Judicial Arbiter Group, during which Karst was informed of the facts supporting nondischargeability of the claims asserted against the Karst Defendants.

10. During such mediation, Karst agreed on behalf of the Karst Defendants to admit to the allegations asserted in the Blue Bear Complaint, and on June 13, 2007, the Plaintiffs and the Karst Defendants entered into a settlement agreement (the "Agreement") to resolve Plaintiffs' First through Seventeenth and Nineteenth through Forty-Fourth Claims for Relief (the "Remaining Claims") asserted by the Plaintiffs against the Karst Defendants in the Litigation.

11. On July 16, 2007, the Plaintiffs and Karst Defendants filed a stipulation regarding judgment against the Karst Defendants in the Litigation based upon the Agreement (the "Stipulation").

12. On July 26, 2007, pursuant to the Stipulation, the Court entered a final judgment in favor of the Plaintiffs and against the Karst Defendants, jointly and severally, in the amount of $5,100,000 on the Plaintiffs' Remaining Claims against the Karst Defendants (the "Second Judgment").

13. Pursuant to the First Judgment and Second Judgment, the Debtor is indebted to Plaintiffs in the amount of $7,543,921.27 (the "Judgments").  The Judgments have not been appealed and the time for any appeal has expired.

14. Pursuant to the Agreement, attached as Exhibit 1 and incorporated herein by reference, the Debtor further agreed to waive any rights to a discharge in any bankruptcy proceeding with respect to the Judgments.

15. On November 19, 2007, the Debtor filed a Chapter 7 bankruptcy proceeding, Case No. 07-23480. The Court dismissed Case No. 07-23480 on February 12, 2008 based upon the Debtor's failure to file necessary documents.

16. On February 14, 2008, the Debtor filed this Chapter 7 bankruptcy proceeding. However, the Court entered an Order Dismissing Case Under 11 U.S.C. § 521(e) on April 22, 2008 because Karst failed to provide a tax return as required.

17. The Debtor has since obtained new counsel and filed a Motion for Relief From Order Dismissing Case Under 11 U.S.C. § 521(e). In response to the Court's Order to File Objection to Debtor's Motion for Relief From Order Dismissing Case, a hearing on the Debtor's Motion and the Trustee's Response was set for Wednesday, June 18, 2008. At the hearing, the Court vacated its April 22, 2008 Order and reinstated the case. The Court further ordered that the deadline to object to any discharge be extended to sixty (60) days after docketing of the Order.

## FIRST CLAIM FOR RELIEF – DEBT IS NON-DISCHARGEABLE UNDER § 523(a)(2)(A) FOR DEBT ARISING FROM ACTUAL FRAUD

18. The Plaintiffs incorporate by reference all of the above stated allegations as though fully set forth herein.

19. Pursuant to the Agreement and Stipulation, the Debtor confessed judgment on Plaintiffs' First Claim for Relief by admitting that he made material false or misleading statements (including statements which omitted material information) to Blue Bear and other parties in the course of the transfer of the assets from NCFS to Blue Bear and concerning Blue Bear's subsequent operations and financial performance (the "Misrepresentations"), including:

    a. Statements by the Karst Defendants of the value of certain of loans and factoring assets (the "Transferred Assets") at the time of transfer when such assets were non-performing and grossly over-valued.

    b. Statements by the Karst Defendants concerning the existence of liens or security interests securing the Transferred Assets, when in fact many of such assets were not secured or secured with a lesser priority.

    c. The Karst Defendants' concealment of its business interests or familial connections with many of Blue Bear's clients.

    d. Statements by the Karst Defendants falsely inflating the value of the Transferred Assets and subsequent investments as well as the financial performance of Blue Bear.

e. The Karst Defendants' omission of material information as to the source of Blue Bear's revenues used to make payments to investors, vendors and the Independent Factoring Companies created by the Karst Defendants, thus concealing the use of investor funds to make many such payments and the deleterious financial condition of Blue Bear. *Blue Bear Complaint ¶ 135, 136*.

20. The Debtor previously admitted that he made the Misrepresentations with the intent to induce the Plaintiffs to act or refrain from acting and to mislead and deceive the Plaintiffs. *Blue Bear Complaint ¶ 138, 140*.

21. The Debtor previously admitted that he made the Misrepresentations with the intent or knowing that the Plaintiffs would act in reliance on the Misrepresentations.

22. The Debtor obtained money, property or services by false pretenses, a false representation or actual fraud either recklessly or with the actual intent to defraud the Plaintiffs.

23. The Plaintiffs have been injured and have suffered damages as a result of the Debtor's fraud.

24. The debt owed to the Plaintiffs for $5.1 million is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A) and Debtor is collateraly estopped from claiming otherwise having had a full and fair opportunity to do so in the Blue Bear Litigation.

**SECOND CLAIM FOR RELIEF – DEBT IS NON-DISCHARGEABLE UNDER § 523(a)(6) FOR DEBT ARISING FROM WILLFUL AND MALICIOUS INJURY TO PROPERTY OF ANOTHER**

25. The Plaintiffs incorporate by reference all of the above stated allegations as though fully set forth herein.

26. The Debtor previously admitted that he made the Misrepresentations with knowledge of their untruth, or recklessly and willfully without regard to their consequences. *Blue Bear Complaint ¶ 139*.

27. By making the Misrepresentations, the Debtor willfully and maliciously injured the Plaintiffs and their property.

28. The Plaintiffs have been damaged as a result of the Debtor's intentional and malicious actions, and such debt is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6).

**THIRD CLAIM FOR RELIEF – DENIAL OF DISCHARGE UNDER § 727(a)(10)**

29. The Plaintiffs incorporate by reference all of the above stated allegations as though fully set forth herein.

30. Pursuant to the Agreement, the Debtor voluntarily and knowingly agreed to waive under USC § 727(a)(10) any rights he may have to obtain a discharge of the amounts owed on the Judgments in any bankruptcy proceeding upon the request of the Plaintiffs.

31. The Agreement was entered into by the Debtor after extensive mediation before Judge Neighbors, during which the Debtor and his counsel were informed of the facts supporting nondischargeability of the claims asserted against the Debtor in the Blue Bear Litigation.

32. When entering the Agreement, the Debtor represented, warranted and agreed that he received independent legal advice from his attorneys with respect to the terms of the Agreement and that he understood the content of the Agreement.

WHEREFORE, the Plaintiffs respectfully request that this Court enter judgment against the Debtor/Defendant and order that:

a. The debt owed by the Debtor to the Plaintiffs in the amount of $7,543,921.27 be determined to be excepted from discharge and determined non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6);

b. Defendant Karst be denied a discharge pursuant to 11 U.S.C. § 727(a)(10);

c. The Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

DATED this 18th day of August, 2008.

Respectfully submitted,

/s/ Rochelle N. Rabeler
Peter C. Houtsma, #007639
Rochelle N. Rabeler, #0080128
Risa L. Wolf-Smith, #15835
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado  80201-8749
Telephone:  (303) 295-8355
Facsimile:  (303) 291-9153
E-Mail:  rnrabeler@hollandhart.com
           rwolf@hollandhart.com

**ATTORNEYS FOR PLAINTIFF**

3878624_1.DOC